**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 17 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CHRISTOPHER E. BROWN, :
an individual, :
 :
 Plaintiff, : COMPLAINT
 :
vs. : JURY TRIAL NOT/DEMANDED
 :
PETER LUGER OF LONG ISLAND, INC., : Index No. SEYBERT, J
a New York Corporation, : ECF CASE
 :
 Defendant. : Judge WALL, M.J.
------------------------------------------------------x

**SUMMONS ISSUED**

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues PETER LUGER OF LONG ISLAND, INC., a New York Corporation, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., and N.Y. Exec. § 296(2)(a) and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., and N.Y. Exec. § 296 et seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a

1

resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, the Defendant, PETER LUGER OF LONG ISLAND, INC., (hereinafter referred to as "Defendant"), is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, to wit: the "Property," known as the Peter Luger Steak House of Long Island, located at 255 Northern Blvd., Great Neck, New York 11021.

7. All events giving rise to this lawsuit occurred in the Eastern District of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a place of public accommodation, subject to the ADA.

10. MR. BROWN has visited the numerous times.

11. During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12. MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. BROWN intends to and will visit the Property to utilize the goods and services in the

future, but fears that he will face the same barriers to access as discussed herein.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, the following violations which Plaintiff personally observed and/or encountered and which hindered his access:

  A. Inaccessible route to the alternative entrance designated as accessible due to excessive cross slopes, narrow width in places and pavement in disrepair;

  B. Inaccessible entrance designated as accessible due to a large lip at the entrance door which is difficult to traverse in a wheelchair and a door which requires excessive force to open;

  C. Inaccessible route inside the restaurant from the entrance door designated as accessible to the bar and table seating areas due to tables blocking the route. Use of this route requires that customers blocking the route to stop eating, stand up from the tables and that the staff temporarily move the tables to clear a path for a person in a wheelchair to pass. This process caused Plaintiff embarrassment during his visit because some of the customers who had to stop eating their dinners and move became understandably upset and glared at the Plaintiff.

  D. Inaccessible bar service counters due to excessive height and lack of clearance for a wheelchair. Further, accessible tables for bar service are not provided;

  E. Inaccessible restrooms due to a very narrow entrance door prohibiting wheelchair use and complete lack of accessible features inside the restroom.

3

15. Furthermore, the Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. The Plaintiff has been obligated to retain counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**COUNT II-VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

(N.Y. Exec. Law § 290 et seq.)

21. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

22. Defendant operates a business establishment dealing with goods and/or services within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law section 290 et seq.

23. The conduct alleged herein violates the ADA.

24. The conduct alleged herein violates the NYSHRL.

25. The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any ... owner ... of any place of public accommodation, ...because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law. section 296(2)(a).

26. The Defendant has violated the NYSHRL by, *inter alia*, denying Plaintiff the accommodations, advantages, facilities or privileges offered by Defendant, by refusing to make reasonable modifications to accommodate disabled persons.

27. In doing the acts and/or omission alleged herein, Defendant wrongfully and unlawfully denied access to their facilities to individuals with disabilities.

28. The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

29. Plaintiff visited Defendant's Property numerous times and encountered architectural barriers as described in Paragraph 14.

30. By maintaining architectural barriers and policies that discriminate against people with

disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Defendant. Failure on the part of Defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

31. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

32. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## THIRD COUNT III-VIOLATION OF NEW YORK'S CIVIL RIGHTS LAW §40-c
## (N.Y. Civ. Rights §§ 40-c and 40-d)

33. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

34. As owner and/or operator of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights section 40 et seq.

35. The conduct alleged herein violates the NYSCRL.

36. Plaintiff has complied with the notice requirements of N.Y. Civ. Rights section 40-d as notice of this action was served upon the attorney general prior to initiating suit.

37. Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

38. The Defendant has violated the NYSCRL section 40-c by, *inter alia*, by subjecting Plaintiff as a person with a disability, to discrimination in his civil rights.

39. The Defendant has further violated the NYSCRL by being in violation of the rights provided under the ADA.

40. This has resulted in a cognizable injury to Plaintiff.

41. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

42. Plaintiff prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including minimum statutory damages, and all other relief allowed by law.

WHEREFORE, the Plaintiff demands judgment against PETER LUGER OF LONG ISLAND, INC. ("Defendant"), and requests the following relief:

   A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

   B. That the Court enter an Order directing Defendant to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

   C. That the Court enter an Order directing Defendant to evaluate and neutralize it's policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

   D. That the Court award compensatory and statutory damages pursuant to N.Y. Exec. Law section 297(9);

E. That the Court award statutory damages pursuant to N.Y. Civ. Rights section 40-d;

F. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

G. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 17, 2011

Respectfully submitted,

KU & MUSSMAN, P.A.
*Attorneys for Plaintiff*
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
T:(305) 891-1322; F: (305) 891-4512

By: _____
Olivia D. Rosario (OR5730)
Law Office of Olivia D. Rosario
*Of Counsel*
111 Broadway, Suite 1801
New York, New York 10006
T: (212) 349-1836; F: (212) 349-9149

8